IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2005 Session

## GARY FLANARY, et al. V. CARL GREGORY DODGE OF JOHNSON CITY, LLC

**Appeal from the Chancery Court for Washington County**
**No. 34497      Hon. G. Richard Johnson, Chancellor**

---

**No. E2004-00620-COA-R3-CV  - FILED MAY 31, 2005**

---

### OPINION, CONCURRING IN PART, AND DISSENTING IN PART

I concur with the majority opinion on all issues raised except the final issue of enforceability of the contract, having only been signed by Flanary.

If Flanary were seeking to enforce the terms of the contract against the dealership would the majority hold the contract unenforceable? I think not. The majority argues that prior to the filing of this action there was no conduct on the part of the dealership to assent to the terms of the agreement. Obviously, the dealership was aware of the agreement and took no actions to repudiate the agreement. Clearly, silence can amount to assent. The majority further argues that the dealership's verbal assent does not count because the expression was not made until suit was filed. There was simply no reason to make verbal assent until the lawsuit triggered the required enforcement of this contract.

Corpus Juris Secundum, Vol. 17, Contracts, §75, sets forth various circumstances when a contact signed by only one party is enforceable, and provides:

> In the absence of a statute or arbitrary rule to the contrary, an agreement need not be signed to be binding, provided it is either accepted and acted on, delivered and acted on, or delivered and acquiesced in. So a written contract, although unsigned by a party, is binding if the party accepts or performs under it or accepts the benefits thereunder. Where a contract is enforced on the basis of a single signature, it must generally be signed by the party to be charged under the contract and delivered to nonsigned party who indicates acceptance by performing. Moreover, the parties may agree to be bound by their written contract even though it is not signed by either of them or when it is signed by only one of them.

There is simply no evidence here to contradict the premise that both parties accepted this contract, and when the circumstance arose triggering the application of this contract, the dealership acted upon the contract.

I would affirm the Trial Court in all respects.

_____
HERSCHEL PICKENS FRANKS, P.J.